IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ALTURO PASCO,

            Plaintiff

VS.

TYDUS MEADOWS,

            Defendant

NO. 5:06-CV-189 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

Before the court are defendant TYDUS MEADOWS' motion seeking dismissal of the above-styled action pursuant to the Prison Litigation Reform Act's "three strikes" provision and motion seeking summary judgment against plaintiff ALTURO PASCO on the merits of the claim. Tabs #9 and #17. Plaintiff Pasco has responded to the motion for summary judgment. Tab #24.

Pasco, who at all times relevant to this litigation was an inmate at Washington State Prison, has alleged in his complaint that defendant Tydus Meadows, who at all times relevant was the warden of the prison, impinged Pasco's First Amendment right to free speech by retaliating against Pasco's filing grievances regarding prison conditions.

**MOTION TO DISMISS**

Defendant Meadows seeks dismissal of the instant action, citing that plaintiff Pasco should not have been granted leave to proceed in forma pauperis because he is subject to the "Three Strikes" provision of the Prison Litigation Reform Act of 1995. 28 U.S.C. §1915(e)(2)(B). Meadows has provided four cases which he alleges were adjudicated against Pasco prior to Pasco's being granted IFP status. However, the standard Meadows uses in determining what constitutes a "strike" is incorrect: in order to be a "strike," a complaint must be dismissed (1) as frivolous or malicious; (2) for failure to state a claim for relief; or (3) for seeking monetary relief against a defendant who is immune from such relief. *Id.*

The first of the cases Meadows cites, *Pasco v. Fields*, was dismissed as **frivolous** in an order dated May 27, 2003. [Strike One.] The second, *Pasco v. Hanes*, was dismissed as **frivolous** in an order dated July 28, 2004. [Strike Two.] The third, *Pasco v. Leblanc*, was decided on the merits and is therefore not counted as a strike. The fourth, *Pasco v. Stockfish*, was dismissed for failing to state a claim for relief on July 14, 2006, which is after the instant case was filed and therefore is also not counted as a strike. Since Pasco only had two "strikes" against him at the time he filed the instant action, defendant Meadows' Motion to Dismiss is **DENIED**.

## MOTION FOR SUMMARY JUDGMENT

### Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

**FACTS**

On December 9, 2005, after Pasco had filed a grievance and complained to Warden Meadows regarding prison conditions, particularly with respect to the prison meal plan which did not conform to Pasco's Muslim beliefs, Meadows assigned Pasco to administrative segregation for "failure to follow instructions." **There is no evidence in the record as to what instruction(s) Pasco failed to follow.** In his deposition, Pasco also avers that Meadows made disparaging remarks regarding Muslims.[1]

After an administrative hearing regarding his placement in segregation, Pasco was returned to the general population three or four days later. On December 9, 2005, upon seeing that Pasco had been released from segregation, Meadows ordered him returned to segregation. This time, Pasco was not returned to the general prison population until January 6, 2006. The stated reasons for Pasco's segregation were "per Warden Meadows" and/or "failure to follow instructions."

In his affidavit, Meadows has asserted that Pasco "expressed in front of [Meadows] and others that he was 'afraid' of [Meadows]," and the reason for the plaintiff's transfer to protective custody was "[b]ased on Plaintiff's demeanor, and the nature of his request," and was "an effort to placate him and to accommodate his request for protective custody from [Meadows]." Affidavit of Tydus Meadows, Tab #17-2 at ¶¶ 7 & 8.

---

[1] For example, as read by counsel for the defendant and agreed to in substance by Pasco:

"Although [Pasco] was very respectful, Mr. Meadows become hostile and rude, and then he stated I'm tired of you Muslims and your problems" Deposition of Alturo Pasco, Tab #23 at 7.

When an inmate is placed in administrative segregation for an indefinite period per written authorization by the warden, the Classification Committee must review the prisoner's status every thirty days to determine if the inmate should remain in segregation. The Classification Committee met on January 5, 2006, the day before Pasco was released from administrative segregation. It is not clear if Pasco was released as a result of any decision made by that committee.

Pasco has asserted the reason Meadows twice banished him to segregation is out of retaliation for Pasco's complaining about the prison's failure to provide him a diet that conformed with his religious beliefs.

## DISCUSSION

### Exhaustion of Remedies

Defendant Meadows' first argument is that Pasco failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Meadows argues that Pasco's grievance relating to the facts and circumstances in this case was too vague to put Meadows on notice of what, exactly, Pasco was alleging. Meadows' argument is without merit. Pasco's grievance states as follows:

> In a sole effort to harass and retaliate against me for "complaining", on December 9, 2005, Warden Tydus Meadows placed me in Admin. Seg. without following procedures outlined in the GDC's SOP.

This set of facts adequately sets forth the grounds in the plaintiff's instant case.

### Retaliation

"There is no question that state officials may not retaliate against a prison inmate for exercising his legal right of access to the courts." ***Hall v. Sutton***, 755 F.2d 786 (11th Cir. 1985). This freedom from retaliation includes an official's taking an action that would not otherwise be unconstitutional. *See **Id.*** (Official's confiscation of inmates' tennis shoes states a claim for federal relief if done out of retaliation); ***Thomas v. Evans***, 880 F.2d 1235, 1242 (11th Cir. 1999) ("The penalty need not rise to the level of a separate constitutional violation.") .

To succeed on a retaliation claim, the prisoner must demonstrate that "the prison official's actions were the result of [the prisoner's] having filed a grievance concerning the conditions of his imprisonment." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). The prisoner must therefore establish that his grievance was the cause of the retaliatory treatment.

In the instant case, Pasco alleges that he was transferred into administrative segregation *because* he filed a grievance and spoke with the warden regarding prison conditions. A prisoner's filing of grievances and lawsuits is protected under the First Amendment. *See Farrow, supra*.

Defendant Meadows' stated reasons for keeping Pasco in segregation are in contrast to the explanations proffered by Pasco, and either explanation could be true. Accordingly, Pasco has alleged a set of facts that sets forth adequate grounds for a claim of retaliation and further factual development is necessary.

## CONCLUSION

In light of the above analysis, further factual development is necessary in order to determine whether Meadows' actions came out of retaliation. Defendant Meadow's Motion for Summary Judgment is therefore **DENIED**.

SO ORDERED this 28th day of SEPTEMBER, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE